UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Deborah L. Fabrizio | * | JURY TRIAL DEMANDED |
| 2712 Adelphi Lane | * | Civ. Action No. |
| Bryans Rd., Md 20616 | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| v. | * | |
| | * | |
| Office of the Sergeant at Arms | * | |
| United States Senate | * | |
| Hart Senate Office Building | * | |
| Wash., DC 20510-7212 | * | |
| | * | |
| Defendant. | * | |

## COMPLAINT

Plaintiff, Deborah L. Fabrizio, by and through her undersigned counsel, complains of the defendant as follows:

### INTRODUCTION

1. Plaintiff brings this civil action pursuant to Title VI of the Congressional Accountability Act of 1995, 2 USC Sec. 1311, 1317(a) (1), which provides employees of the instrumentalities of Congress, including the U.S. Capitol Police Board, with the rights and protections afforded by the federal Fair Labor Standards Act (29 USC 206 et esq.) and Americans with Disabilities Act (42 USC 12131 et seq).

### JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of this civil action pursuant to 2 U.S.C. 1408(a). Plaintiff has fully exhausted her available administrative remedies. She completed counseling and received a notice of the end of mediation

from the Office of Compliance more than 30 and less than 90 days before filing this civil action.

## PARTIES

3. Plaintiff Deborah L. Fabrizio resides at 2712 Adelphi Lane, Bryans Rd., Md. 20616.

4. Defendant Office of the Sergeant at Arms is an instrumentality of Congress and the employing office of Plaintiff.

## FACTS

5. Plaintiff began working for the United States Senate in 1987.

6. Plaintiff began working for the defendant Office of the Sergeant at Arms in or about 1998, and was employed by there continuously until she received a notice terminating her employment as of November 14, 2005.

7. Plaintiff's job prior to receiving the notice of termination was Trouble Support Analyst, Telecom Help Desk.

8. Plaintiff suffers from disabilities (mental impairments of ADHD, depression, panic attacks) that substantially limit one or more of her major life activities and is under the care of a physician. The ADHD affects her thought process and memory. At all times, she was able to perform her job with reasonable accommodations.

9. Plaintiff informed her former supervisor of her impairment, how it affected her, and that she would need a reduced workload as reasonable accommodation, in summer 2004. Plaintiff also provided her former supervisor with a letter from her physician about her condition dated June 9, 2004. Plaintiff's former supervisor

declined to grant the reasonable accommodation of reducing her workload and told her that he would make no accommodations for her disability.

10. Plaintiff's former supervisor treated her differently after June 2004, when he was informed about her disability, in that he treated her more harshly, gave her more verbal warnings than in the past, and harassed her about her requests to be compensated for overtime work.

11. Plaintiff's former supervisor's actions and statements made clear to her that he did not believe she suffered from a disability and that he was hostile towards her for disclosing her disability.

12. In or about September 2005, Plaintiff's former supervisor required that she work on call overtime hours. Plaintiff submitted her authorization to receive overtime compensation to him, and he made clear that he did not want her to request overtime pay for the overtime that she had worked; he disputed her requests, and reduced the number of hours of overtime that he would approve.

13. On or about October 21, 2005, Plaintiff was told that she was being investigated in regards to her overtime pay requests.

14. Plaintiff never received any form of written discipline in her 18 years of federal service before this.

15. Plaintiff was so upset by news of the investigation that her doctor placed her on medical leave for her disabilities.

16. Plaintiff filed a complaint of discrimination, retaliation and violation of the Fair Labor Standards Act against her former supervisors with the Office of Compliance on November 5, 2005.

17. Plaintiff received notice that her employment was terminated in a letter dated November 14, 2005, claiming that I falsified my requests for overtime pay.

18. The reason given is false in that Plaintiff did not falsify her requests for overtime pay or violate any other rules.

19. The reasons given for the decision to terminate my employment are false and pretext.

20. The decision to terminate Plaintiff's employment is a form of retaliation for having requested to be compensated for overtime that she worked in violation of the federal Fair Labor Standards Act.

21. The decision to terminate Plaintiff's employment is a form of retaliation for her having complained about and opposed what she in reasonable good faith believed to have been unlawful conduct.

22. The decision to terminate Plaintiff's employment is a form of discrimination against her because of her disabilities and her request for reasonable accommodations of her disabilities.

23. Plaintiff has been treated in a disparate manner because of her disabilities, her request for reasonable accommodations of her disabilities, and her request to be compensated for overtime that she worked.

24. Plaintiff has sustained damages consisting of pain and suffering, emotional distress, lost/front wages and benefits, as a result of the unlawful conduct of the defendant.

## COUNT 1

25. Plaintiff repeats and realleges the allegations set forth in paragraphs 1-25.

26. By and through its conduct, defendant violated the Fair Labor Standards Act by denying her overtime pay and retaliating against her for requesting to be compensated for overtime she worked.

## COUNT 2

27. Plaintiff repeats and realleges the allegations set forth in paragraphs 1-27.

28. By and through its conduct, defendant violated the Americans with Disabilities Act by denying reasonable accommodations and discriminating against Plaintiff because of her disability, its perception of her, and its record of her disability, and retaliating against her for exercising her right to request reasonable accommodations.

## COUNT 3

29. Plaintiff repeats and realleges the allegations set forth in paragraphs 1-29.

30. By and through its conduct, defendant violated 2 USC 1317 by retaliating against Plaintiff for having opposed and complained about practices she in reasonable good faith believed to have been unlawful by the Congressional Accountability Act.

## JURY DEMAND

Plaintiff demands a trial by jury on all counts.

WHEREFORE, Plaintiffs prays that this Court enter judgment in her favor and against Defendant on Counts 1-3 and provide her with the following relief;

(a) reinstatement to her former job or front pay to age 65

(b) lost wages and lost benefits

(c) front pay and front benefits

(d) lost future wages

(e) $300,000 in compensatory damages for pain and suffering, emotional distress, and mental anguish

(f) enjoin Defendant from discriminating or retaliating against Plaintiff in the future;

(e) the costs of this suit and preceding administrative action, including reasonable attorneys' fees; and

(f) award such other relief as the court deems just and fair, including the amount of tax on any award.

Date: April 13, 2006

Alan Lescht and Assoc., P.C.

_____
Alan Lescht
DC Bar #441691
1050 17th St., N.W., Suite 220
Wash., D.C. 20036
(202) 463-6036
Attorneys for Plaintiff

6