UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DEBORAH L. FABRIZIO,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No.: 1:06CV00696 (CKK) |
| v. ) | |
| ) | |
| **OFFICE OF THE SERGEANT AT ARMS,** ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT'S ANSWER TO COMPLAINT

Defendant, Office of the Senate Sergeant at Arms ("SAA"),[1] submits the following Answer in response to the Complaint filed by Plaintiff, Deborah L. Fabrizio ("Plaintiff"), in the above-captioned action. Except as specifically admitted or otherwise answered herein, the SAA denies each and every allegation in the Complaint. In response to the Complaint's allegations, the SAA responds as follows:

### INTRODUCTION

1.	The SAA admits that Plaintiff purports to bring this lawsuit as alleged and denies the remaining allegations set forth in paragraph 1 of the Complaint.

### JURISDICTION AND VENUE

2.	The SAA admits that the Congressional Accountability Act of 1995 ("CAA"), 2 U.S.C. §§ 1301-1438 (2000), vests jurisdiction over claims brought pursuant to the CAA in

---

[1] The statutory name of the SAA is the "Office of the Sergeant at Arms and Doorkeeper of the Senate," but the SAA commonly is referred to as the "Office of the Senate Sergeant at Arms." *See, e.g.*, 2 U.S.C. § 61f-7 (2000).

this Court, *see* 2 U.S.C. § 1408(a) and 28 U.S.C. § 1331. The allegation set forth in Paragraph 2 of the Complaint that Plaintiff "has fully exhausted her available administrative remedies" sets forth a legal conclusion to which no responsive pleading is required. To the extent a response is required, the SAA is without knowledge or information sufficient to allow it to admit or deny the allegation. The SAA is without knowledge or information sufficient to allow it to admit or deny the remaining allegations set forth in paragraph 2 of the Complaint.

## PARTIES

3. The SAA is without knowledge or information sufficient to allow it to admit or deny the allegations set forth in paragraph 3 of the Complaint.

4. The SAA admits that during Plaintiff's employment with the SAA, the SAA was Plaintiff's employing office and denies the remaining allegations set forth in paragraph 4 of the Complaint.

## FACTS

5. The SAA is without knowledge or information sufficient to allow it to admit or deny the allegations set forth in paragraph 5 of the Complaint.

6. The SAA admits that Plaintiff worked for the SAA between March 15, 1999, and November 14, 2005, and remained on the SAA payroll until March 17, 2006. The SAA denies the remaining allegations set forth in paragraph 6 of the Complaint.

7. The SAA admits that Plaintiff's job title at the time of her termination was Telecommunications Analyst and denies the remaining allegations set forth in paragraph 7 of the Complaint.

8. The SAA denies that Plaintiff needed a reasonable accommodation to perform her job duties. The SAA is without knowledge or information sufficient to allow it to admit or deny the remaining allegations set forth in paragraph 8 of the Complaint.

9. The SAA denies the allegations set forth in paragraph 9 of the Complaint except admits that in or around November 2005, Plaintiff submitted to her immediate supervisor a letter from her physician dated June 9, 2004, and refers to the contents of that document for an accurate statement of the terms thereof.

10. The SAA denies the allegations set forth in paragraph 10 of the Complaint.

11. The SAA denies the allegations set forth in paragraph 11 of the Complaint.

12. The SAA admits that in September 2005, Plaintiff submitted to her immediate supervisor authorization requests for overtime hours that she claimed to have worked and that on or about September 8, 2005, Plaintiff's immediate supervisor met with Plaintiff because he questioned the accuracy of Plaintiff's authorization requests for overtime hours that she claimed to have worked on or about September 2, 2005, through September 5, 2005. The SAA denies the remaining allegations set forth in paragraph 12 of the Complaint.

13. The SAA admits that on or about October 21, 2005, the SAA informed Plaintiff that it was conducting an investigation relating to authorization requests for overtime hours that she had submitted. The SAA denies the remaining allegations set forth in paragraph 13 of the Complaint.

14. The SAA is without knowledge or information sufficient to allow it to admit or deny the allegations set forth in paragraph 14 of the Complaint.

15. The SAA is without knowledge or information sufficient to allow it to admit or deny the allegations set forth in paragraph 15 of the Complaint.

16. The SAA is without knowledge or information sufficient to allow it to admit or deny the allegations set forth in paragraph 16 of the Complaint.

17. The SAA denies the allegations set forth in paragraph 17 of the Complaint except admits that the SAA sent Plaintiff a letter terminating her employment on November 14, 2005, and refers to the contents of that document for an accurate statement of the terms thereof.

18. The SAA denies the allegations set forth in paragraph 18 of the Complaint.

19. The SAA denies the allegations set forth in paragraph 19 of the Complaint.

20. The SAA denies the allegations set forth in paragraph 20 of the Complaint.

21. The SAA denies the allegations set forth in paragraph 21 of the Complaint.

22. The SAA denies the allegations set forth in paragraph 22 of the Complaint.

23. The SAA denies the allegations set forth in paragraph 23 of the Complaint.

24. The SAA denies the allegations set forth in paragraph 24 of the Complaint.

## COUNT I

25. The SAA incorporates herein by reference its answers to paragraphs 1-25 of the Complaint.

26. Paragraph 26 of the Complaint sets forth a legal conclusion to which no responsive pleading is required. To the extent a response is required, the SAA denies the allegations set forth in paragraph 26 of the Complaint.

## COUNT 2

27.   The SAA incorporates herein by reference its answers to paragraphs 1-27 of the Complaint.

28.   Paragraph 28 of the Complaint sets forth a legal conclusion to which no responsive pleading is required.  To the extent a response is required, the SAA denies the allegations set forth in paragraph 28 of the Complaint.

## COUNT 3

29.   The SAA incorporates herein by reference its answers to paragraphs 1-29 of the Complaint.

30.   Paragraph 30 of the Complaint sets forth a legal conclusion to which no responsive pleading is required.  To the extent a response is required, the SAA denies the allegations set forth in paragraph 30 of the Complaint.

## JURY DEMAND

31.   The SAA admits that Plaintiff demands a jury trial in the unnumbered paragraph under the heading "Jury Demand," but denies that the SAA engaged in any conduct that would entitle Plaintiff to a jury trial.

32.   The SAA denies the allegations set forth in the unnumbered paragraph beginning "WHEREFORE," including subparts (a)-(f), and further denies that Plaintiff is entitled to any other relief.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim for Relief)

33.   The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE
### (Lack of Subject Matter Jurisdiction)

34. To the extent Plaintiff asserts in this action any claim for which she failed timely to file a request for counseling or a request for mediation and/or any claim that was not raised in her request for mediation, such claims are barred due to a failure to exhaust administrative remedies. *See* 2 U.S.C. §§ 1401, 1402, 1403, 1408.

## THIRD AFFIRMATIVE DEFENSE
### (Lack of Subject Matter Jurisdiction)

35. To the extent Plaintiff alleges that the SAA committed illegal acts other than those prohibited by the CAA, the Court lacks jurisdiction of her claims.

## FOURTH AFFIRMATIVE DEFENSE
### (Sovereign Immunity)

36. To the extent Plaintiff has not fully observed the conditions and limitations upon which Congress has waived the sovereign immunity of the SAA, the Court lacks subject matter jurisdiction of Plaintiff's claims.

## FIFTH AFFIRMATIVE DEFENSE
### (Exclusive Statutory Remedy)

37. The exclusive remedy for the claims asserted by Plaintiff is provided by the CAA. To the extent Plaintiff seeks relief that is not available under the CAA, the Court is without jurisdiction to grant the relief requested.

## SIXTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

38. To the extent Plaintiff did not request counseling with the Office of Compliance within 180 days of any alleged violation of the CAA, her claim with respect to such alleged

violation is barred by the statute of limitations set forth in section 402 of the CAA, 2 U.S.C. § 1402.

## SEVENTH AFFIRMATIVE DEFENSE
### (Frivolous)

39. The allegations and claims asserted in the Complaint have always been and continue to be frivolous.

## EIGHTH AFFIRMATIVE DEFENSE
### (Estoppel)

40. Any of the conduct of the SAA that is alleged to be unlawful was taken as a result of Plaintiff's conduct, and Plaintiff therefore is estopped from asserting any cause of action against the SAA.

## NINTH AFFIRMATIVE DEFENSE
### (Bad Faith)

41. Having brought this action in bad faith, Plaintiff must reimburse the SAA for its attorneys' fees and costs.

## TENTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

42. On information and belief, Plaintiff has failed to mitigate her damages, and to the extent of such failure to mitigate, any damages awarded to Plaintiff should be reduced accordingly.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Non-Retaliatory Reasons)

43. The SAA's decisions with respect to Plaintiff's employment were based on legitimate, non-retaliatory reasons.

## TWELFTH AFFIRMATIVE DEFENSE
### (Non-Discriminatory Reasons)

44.     The SAA's decisions with respect to Plaintiff's employment were based on legitimate, non-discriminatory reasons.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Performance of Duties)

45.     The SAA has performed fully any and all contractual, statutory and/or other duties owed to Plaintiff, and therefore Plaintiff is estopped from asserting any claim or cause of action against the SAA.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Mixed Motive-Retaliation)

46.     Even if Plaintiff can prove that any protected activity in which she engaged under the CAA played a substantial role in any adverse employment action taken against her, the SAA cannot be held liable for such action because it would have taken the same action even if it had not considered any illegitimate factor.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Mixed Motive-Discrimination)

47.     Even if Plaintiff can prove that any alleged disability played a substantial role in any adverse employment action taken against her, the SAA cannot be held liable and/or its liability is limited because it would have taken the same action even if it had not considered any illegitimate factor.

### SIXTEENTH AFFIRMATIVE DEFENSE
### (Reasonableness and Good Faith)

48. The SAA acted reasonably and in good faith at all times herein based on all relevant facts and circumstances known by it at the time it so acted. Accordingly, Plaintiff is barred from any recovery in this action.

### SEVENTEENTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

49. To the extent Plaintiff has unclean hands, she is barred from equitable relief in this action.

### EIGHTEENTH AFFIRMATIVE DEFENSE
### (Injury Caused by Others)

50. To the extent Plaintiff has suffered any injury or damages, such injury or damages were not caused by the acts or omissions of the SAA, but by the acts or omissions of Plaintiff or others.

### NINETEENTH AFFIRMATIVE DEFENSE
### (Failure to Utilize Complaint Procedures)

51. Plaintiff unreasonably failed to take advantage of the SAA's preventive and corrective opportunities, including the SAA's fully adequate internal complaint investigation and resolution mechanisms.

WHEREFORE, the SAA prays that Plaintiff take nothing by her Complaint, that the Complaint be dismissed in its entirety, and that the Court award such other relief as it deems just and proper.

Dated:  August 15, 2006                    /s/ Erica A. Watkins
                                           Jean M. Manning
                                           D.C. Bar No. 439942
                                           Senate Chief Counsel for Employment

                                           Erica A. Watkins
                                           D.C. Bar No. 461337
                                           Senate Senior Counsel for Employment

                                           Office of the Senate Chief Counsel for Employment
                                           P.O. Box 77053
                                           Washington, D.C.  20013
                                           Tel:  (202) 224-5424
                                           Fax:  (202) 228-2557

                                           *Attorneys for Defendant, Office of the Sergeant at Arms*