UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| DEBORAH L. FABRIZIO | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. Action No. 1:06cv00696 (CKK) |
| | ) | |
| OFFICE OF THE SERGEANT AT ARMS | ) | |
| | ) | |
| Defendant. | ) | |

## JOINT MEET AND CONFER STATEMENT

Pursuant to Federal Rule of Civil Procedure 26(f), Local Civil Rule 16.3, the Court's Order Establishing Procedures for Electronic Filing, dated April 24, 2006 (Docket Entry #2), and the Court's Order for Initial Scheduling Conference, dated September 15, 2006 (Docket Entry #6), counsel for Plaintiff Deborah L. Fabrizio ("Plaintiff") and counsel for Defendant Office of the Senate Sergeant at Arms ("Defendant") (collectively "the parties"), following a telephone conference, submit the following report to the Court, stating all agreements reached with respect to the matters specified in Local Civil Rule 16.3(c).  For those matters on which the parties did not reach agreement, each party's position is discussed.

1. **Existence of Dispositive Motions:**  No dispositive motions are currently pending.  The parties disagree on whether this case will be disposed of by dispositive motion, as discussed below.

**Plaintiff's Position:**  Plaintiff does not intend to file a dispositive motion and does not believe that the case will be disposed of by motion.

**Defendant's Position:** This case, in whole or in part, may be disposed of by motion once discovery has been conducted.

2. **Date for Joinder and/or Amendment of Pleadings:** The parties agree that amended pleadings, if any, should be filed within 30 days after the entry of the Court's scheduling order unless otherwise ordered by the Court for good cause shown. The parties agree that no other parties will be joined. At this time, there are no factual or legal issues that can be narrowed or agreed upon.

3. **Assignment of Case to Magistrate Judge:** The parties do not consent to assignment of this case to a magistrate judge.

4. **Possibility of Settlement:** There does not appear to be a realistic possibility of settlement at this time.

5. **Benefit of Alternative Dispute Resolution Procedures:**

**Plaintiff's Position:** ADR would not be beneficial.

**Defendant's Position:** Because this case has already been mediated pursuant to requirements contained in section 1403 of the Congressional Accountability Act of 1995 ("CAA"), 2 U.S.C. §§ 1301-1438 (2000), Defendant is unsure that alternative dispute resolution would be productive at this time. Mediation before a magistrate judge may be beneficial and productive, however, after discovery has been conducted.

6. **Dispositive Motions:** The parties disagree on the proposal for a dispositive motions schedule, as discussed below.

**Plaintiff's Position:** Plaintiff proposes that any dispositive motions be filed no later than 30 days after the close of discovery; any opposition be filed within 30 days after the filing of the motion; and any reply be filed within 10 days after the filing of the opposition.

**Defendant's Position:** This case, in whole or in part, may be resolved by a motion for summary judgment. Given the allegations in Plaintiff's complaint, Defendant believes that it will take significant time and effort to brief summary judgment. Accordingly, Defendant proposes that any dispositive motions be filed no later than 90 days after the close of discovery; any opposition be filed within 30 days after the filing of the motion; and any reply be filed within 30 days after the filing of the opposition.

7. **Initial Disclosure Requirements:** The parties agree to dispense with initial disclosures under Federal Rule of Civil Procedure 26(a)(1).

8. **Anticipated Extent of Discovery:** The parties agree that the limitations on discovery contained in Federal Rules of Civil Procedure 30, 33, and 34 should apply: (a) each party may take ten depositions; (b) each party may serve 25 interrogatories, including discrete subparts; and (c) each party may serve unlimited requests for documents. The parties disagree about other limitations to be placed on discovery, as discussed below.

**Plaintiff's Position:** Plaintiff proposes that fact discovery close four months after the date the Court enters its scheduling order.

**Defendant's Position:** Because of the amount of discovery that Defendant believes will take place in this case and because the office of defense counsel continues to be understaffed by 25%, Defendant believes that four months is too short a discovery period. Defendant proposes that fact discovery close seven months (210 days) after the date the Court enters its scheduling order. After the close of fact discovery, the parties may move to compel discovery requested, but not disclosed during the discovery period. Defendant also proposes that it be permitted to depose Plaintiff for a period of 14 hours (two seven-hour days). Defendant will seek leave from

the Court for additional time to depose Plaintiff if necessary. Defendant also believes that a protective order may be appropriate in this case to protect confidential employee information.

    9. **Expert Witnesses:** The parties agree that expert depositions, if any, are to be conducted no later than 60 days before the pretrial conference. The parties disagree about the timing of expert disclosures, as discussed below.

    **Plaintiff's Position:** Plaintiff recommends that expert disclosures required by Federal Rule of Civil Procedure 26(a)(2) be made 30 days before the close of discovery.

    **Defendant's Position:** Defendant may require a longer period to complete expert discovery because the United States Senate's procedures for contractually engaging expert witnesses—a process over which Defendant has no control—could delay considerably defense counsel's efforts to secure and utilize expert witnesses. Accordingly, Defendant recommends that the expert disclosures required by Federal Rule of Civil Procedure 26(a)(2) of Plaintiff, if any, be made 60 days before the close of discovery, that the expert disclosures of Defendant, if any, be made 60 days after the receipt of Plaintiff's expert witness report or designation of expert, whichever is later, and that any rebuttal expert disclosures be made 30 days thereafter.

    10. **Class Actions:** The above-captioned case is not a class action.

    11. **Bifurcation of Trial and/or Discovery:** At this time, the parties agree that the trial and discovery in this case should not be bifurcated or managed in phases.

    12. **Pretrial Conference:** The parties agree that the Pretrial Conference should be scheduled by the Court after the Court's ruling on dispositive motions.

    13. **Trial Date:** The parties agree that the date of trial should be scheduled by the Court at the pretrial conference. Defendant requests that a trial not be set for August due to Congressional Recess and the anticipated unavailability of witnesses for Defendant.

14. **Brief Statement of the Case and Statutory Basis for All Causes of Action and Defenses:**

**Plaintiff's Statement:**  Plaintiff brings this action pursuant to the Congressional Accountability Act, 2 U.S.C. §§ 1311, 1317(a)(1) ("CAA").  Plaintiff was employed by Defendant as a Trouble Support Analyst, Telecom Help Desk, in the Office of the Sergeant at Arms.  Plaintiff alleges that (1) Defendant denied her overtime pay in violation of the Fair Labor Standards Act; (2) Defendant discriminated against her and denied her reasonable accommodations under the Americans with Disabilities Act; and (3) Defendant retaliated against her for opposing and complaining about practices that she in reasonable good faith believed to have been unlawful under the CAA.

**Defendant's Statement**:  Defendant denies that it discriminated against or retaliated against Plaintiff in violation of the CAA.  Specifically, Defendant denies that it denied Plaintiff overtime pay in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 206 *et seq.*, as incorporated by the CAA, 2 U.S.C. § 1313, that it discriminated against Plaintiff or denied her a reasonable accommodation in violation of the Americans with Disabilities Act, 42 U.S.C. §§ 12131 *et seq*. ("ADA"), as incorporated by the CAA, 2 U.S.C. § 1311, or that it retaliated against Plaintiff in violation of the reprisal provision of the CAA, 2 U.S.C. § 1317.

Statutory basis for the defenses included in Defendant's answer are set forth below:

2 U.S.C. §§ 1301-1438 (2000).

Defendant does not waive its right to assert additional defenses.

The parties are submitting separate proposed scheduling orders, which are filed herewith.

Respectfully submitted,

| | |
|---|---|
| /s/ Erica A. Watkins | /s/ Susan Kruger |
| Jean M. Manning | Alan Lescht |
| D.C. Bar No. 439942 | D.C. Bar No. 441691 |
| Senate Chief Counsel for Employment | |
| | Susan Kruger |
| Erica A. Watkins | D.C. Bar No. 414566 |
| D.C. Bar No. 461337 | |
| Senate Senior Counsel for Employment | Alan Lescht and Assoc., P.C. |
| | Washington, DC 20036-5545 |
| M. Stacey Bach | (202) 463-6036 - phone |
| D.C. Bar No. 474554 | (202) 463-6067 - fax |
| Senate Assistant Counsel for Employment | |
| | *Attorneys for Plaintiff, Deborah Fabrizio* |
| Office of Senate Chief Counsel for Employment | |
| P.O. Box 77053 | |
| Washington, D.C.  20013 | |
| Telephone:  (202) 224-5424 | |
| Facsimile:  (202) 228-2557 | |

*Attorneys for Defendant, Office of
the Senate Sergeant At Arms*

Dated:  November 21, 2006