UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DEBORAH L. FABRIZIO,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No.: 1:06CV00696 (CKK) |
| ) | |
| **OFFICE OF THE SERGEANT AT ARMS,** ) | |
| ) | |
| **Defendant.** ) | |

## STIPULATED PROTECTIVE ORDER

Plaintiff Deborah L. Fabrizio ("Plaintiff") and Defendant Office of the Senate Sergeant at Arms ("Defendant" or "SAA") (collectively "the parties") agree to the following protective order:

1. This Stipulated Protective Order ("Order" or "Stipulated Protective Order") shall govern a party's use and disclosure of all confidential information and confidential documents (hereinafter "Confidential Information"), as defined in Paragraph 2, obtained from another party or a third party in any formal discovery activity or proceeding, including efforts to mediate or settle all of Plaintiff's claims, during the course of the above-captioned litigation. Such Confidential Information shall be used by the party receiving them only for the purpose of preparing for and conducting this litigation, including any subsequent appeals, except as otherwise required by law.

2. As used herein, the term "Confidential Information" shall refer to all documents produced by a party or non-party in the above-captioned matter that may be designated by that party or non-party as "Confidential" on its face, including all copies thereof, reference thereto in

deposition testimony, and any extracts, charts, summaries or notes made therefrom. Any deposition testimony regarding matters designated as "Confidential" pursuant to this Order also constitutes Confidential Information, regardless of whether the testimony directly refers to documents designated as "Confidential." If a document consists of more than one page, each page on which Confidential Information appears will be labeled "Confidential." Any failure to designate Confidential Information as "Confidential" may be corrected, and the inadvertent failure to designate the Confidential Information as "Confidential" shall not be deemed a waiver of any privilege or right applicable to the Confidential Information. All "Confidential" designations must be based on the good faith belief that the document or information constitutes protected material. Documents that may be designated by a party or a non-party as "Confidential" shall include:

      a. Personnel files and records of any current or former employee or independent contractor of Defendant, including but not limited to, internal complaints, including discrimination complaints; applications for positions; applications for leave; disciplinary information and investigations; performance reviews; requests for training; and related documents;

      b. Information of a personal nature about Plaintiff, Defendant, or any other present or former employees of Defendant, such as, for example, information regarding medical status or conditions, personal financial information, and family matters;

      c. Internal investigations regarding any current or former employee or independent contractor of Defendant;

   d. Documents related to requests for accommodations, disability leave, leave under the Family and Medical Leave Act, and/or sick leave; and

   e. Deposition testimony regarding the matters set forth in subparagraphs (a) through (d) above.

  3. By stipulating to the confidentiality of the categories of documents listed above, the parties do not concede that such documents are discoverable, relevant, material, or admissible at trial.  The parties also agree that the categories of documents listed above may not constitute an exhaustive list of requested documents in which either party may have a legitimate interest in confidentiality.  The parties may file one or more stipulations with the Court identifying additional categories of documents to be covered by this Order.

  4. The parties shall use Confidential Information only as described below:

   a. The parties shall use the Confidential Information only for purposes of the above-captioned matter, including litigation, settlement, and/or mediation;

   b. The parties shall not disclose Confidential Information to any person other than those persons designated as persons entitled to have access to such Confidential Information, pursuant to Paragraph 5 below;

   c. To the extent that any party shall need to use any Confidential Information to question a witness in the course of a deposition, the Confidential Information, and portion of the transcript of the deposition that refers to such Confidential Information, shall be treated as Confidential Information under this Order; and

   d. To the extent that any party refers to Confidential Information in a pleading filed with the Court, the entire pleading or the portion of the pleading that contains such

Confidential Information or attaches the Confidential Information, shall be filed with and maintained by the Clerk in an envelope in accordance with Paragraph 13 until otherwise ordered by the Court.

     5.    The persons described below shall be entitled to have access to Confidential Information:

         a.    The parties and their counsel and office personnel who must have access to Confidential Information to perform their duties with respect to this litigation;

         b.    The Court and all court personnel, including court reporters, who have need to read, review, or file Confidential Information to perform their duties with respect to this litigation;

         c.    All experts or consultants retained by the parties to testify in the above-captioned matter, or to assist the parties in the above-captioned matter;

         d.    Any potential witness or deponents in the above-captioned matter who must have access to the Confidential Information to perform their duties with respect to this litigation; and

         e.    Any other person if the party producing Confidential Information consents to granting access to that person.

     6.    Plaintiff acknowledges and understands that during discovery in this matter, she and her attorneys may obtain copies of the personnel records of SAA employees, which may include documents concerning the medical history, employment history, disciplinary history, salary, and other information regarding those employees ("SAA Employee Personnel Documents"). Plaintiff understands that SAA Employee Personnel Documents and the

information contained therein is strictly confidential, and agrees that she will not disclose any information found in SAA Employee Personnel Documents regarding her former coworkers to any other employee of the SAA or any other third party, except as specifically authorized in Paragraphs 5(a), (b), (c), or (e).  With respect to Paragraph 5(d), Plaintiff and her counsel shall be permitted to disclose SAA Employee Personnel Documents and the information contained therein to any potential witness or deponent only within the context of a deposition, court examination, or other official proceeding.  Plaintiff understands that the information contained in SAA Employee Personnel Documents is to be used solely for the purpose of this litigation.

7. Except for those persons identified in Paragraph 5, before Confidential Information is disclosed to any other person, the person shall be provided with a copy of the Stipulated Protective Order and must execute the Agreement Concerning Use and Non-Disclosure of Material Covered by Stipulated Protective Order ("Non-Disclosure Agreement"), attached hereto as Exhibit A.  Such persons must agree to be bound by the Stipulated Protective Order, and they additionally must agree to maintain Confidential Information, including copies, notes, or any work product made from the Confidential Information, in a secure manner to prevent unauthorized access.  Finally, they must agree to return, within thirty (30) days after the conclusion of the litigation, the Confidential Information, including any copies, notes or any work product made from the Confidential Information, to the attorney who disclosed the Confidential Information.  Executed Non-Disclosure Agreements shall be retained by the attorney disclosing the Confidential Information and shall be made available to the opposing counsel upon order of the Court.

8.   Confidential Information shall not be disclosed to any person except to the extent necessary for the purposes of that person's participation or assistance with the litigation, mediation, or settlement negotiations.

9.   Nothing in this Order is intended to prevent officials or employees of the Defendant from having access to documents or information to which they would have access in the normal course of their official duties. Such persons are exempt from signing the Non-Disclosure Agreement as it relates to the performance of their official duties.

10.  This Order in no way restricts any party from using, in any manner, information or documents already within their possession, or which come within their possession by means other than by production by an opposing party in discovery in this action, and not as a result of a violation of this Order.

11.  Neither this Order nor production of information or documents in discovery in the above-captioned matter shall in any way constitute a waiver of any privilege or the right of any party to object to the admissibility or use of such information and documents at trial or in other proceedings, and the parties reserve all rights to object.

12.  Any party may move to modify this Order for good cause shown. No modification is permitted except by a writing signed by counsel for each party and signed by the Court.

13.  All Confidential Information that is filed with the Court in this action shall be protected by being placed in an envelope to be opened only upon further direction or order of the Court for the purpose of proceeding with this litigation and shall not be made available to third parties or to the public. All Confidential Information, when filed or lodged with the Court, shall be hand delivered to the clerk of the Court in an envelope, and shall not be available for public

inspection. The envelope shall be clearly marked on the outside with the words **"CONFIDENTIAL - FILED UNDER SEAL PURSUANT TO A PROTECTIVE ORDER."**

14. This Order is not intended to limit any party's right to introduce Confidential Information at trial. Should any party seek to introduce Confidential Information at trial, the Court shall make whatever order it deems appropriate concerning sealing of trial evidence. This Order is not intended to waive the right to object to the introduction or admission of evidence and/or to appeal the Court's ruling.

15. Within sixty days of the date this litigation is finally terminated (either by settlement, dismissal, withdrawal, the expiration of time to appeal from an adverse ruling, or the exhaustion of all appellate remedies), the parties' respective counsel either: (1) shall return to the opponent's counsel all Confidential Information or confidential documents obtained during the litigation, including any copies, or (2) shall destroy the Confidential Information and inform opposing counsel in writing of the destruction of the Confidential Information. The parties' counsel are responsible for giving notice of the conclusion of the litigation to all persons identified in Paragraphs 5(c) through 5(e) to whom they provided Confidential Information, and for making a good faith effort to retrieve from them all Confidential Information or work product made from the Confidential Information, and for either returning to the Confidential Information (except for work product information) to opposing counsel or destroying the Confidential Information and giving written notice to opposing counsel of the destruction of the Confidential Information.

16. Any person who violates this Order may be subject to appropriate sanctions as determined by the Court.

APPROVED AND SO ORDERED this _____ day of_____, 2006:

                                                                                       _____
                                                                                       Judge Colleen Kollar-Kotelly

## EXHIBIT A

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DEBORAH L. FABRIZIO,** | ) |
| Plaintiff, | ) |
| v. | ) Case No.: 1:06CV00696 (CKK) |
| **OFFICE OF THE SERGEANT AT ARMS,** | ) |
| Defendant. | ) |

### AGREEMENT CONCERNING USE AND NON-DISCLOSURE
### OF MATERIAL COVERED BY STIPULATED PROTECTIVE ORDER

I, _____, hereby acknowledge having received and read a copy of the Stipulated Protective Order approved by the Court in the above-captioned matter. I agree to be bound by the terms of the Stipulated Protective Order. I agree that I will not use any Confidential Information, as defined therein, except as necessary for the above-captioned litigation, and will not disclose any such Confidential Information, whether in written or oral form, to anyone other than the parties to the litigation or their counsel. I shall maintain all Confidential Information that is provided to me, as well as any documents prepared based upon the Confidential Information, in a secure manner and shall prevent unauthorized access to those materials. No later than thirty (30) days after notification of the conclusion of this action, I shall return all Confidential Information, as well as any documents prepared based upon the Confidential Information, to the attorney who originally gave me the Confidential Information.

I consent to the jurisdiction of the United States District Court for the District of Columbia for purposes of enforcement of the Stipulated Protective Order.  I understand that any violation of the terms of the Stipulated Protective Order may be punishable by appropriate relief, including money damages, interim or final injunctive or other equitable relief, sanctions, contempt of court citation, or such other or additional relief as deemed appropriate by the Court.

_____        _____
                Signature                                                              Date